IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH JANE TRIESCH, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | Civil Action No. 5:23-cv-1550-XR |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, | § § § § | |
| DEFENDANT. | § § | |

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
AND ORIGINAL COUNTERCLAIMS**

Defendant Federal National Mortgage Association ("Defendant" or "Fannie Mae") files its First Amended Answer and Affirmative Defenses and Original Counterclaims against Plaintiff Deborah Jane Triesch ("Plaintiff" or "Triesch") and, in support thereof, respectfully shows as follows:

**FIRST AMENDED ANSWER**

**Discovery Level**

1. Paragraph 1 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required.

**Parties**

2. Fannie Mae admits that Deborah Triesch is an individual. Fannie Mae denies the other factual allegations in Paragraph 2.

3. Fannie Mae admits the allegation contained in Paragraph 3 that Federal National Mortgage Association is also known as Fannie Mae and admits it is a federally chartered corporation but denies the other allegations.

**Jurisdiction and Venue**

4. Paragraph 4 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations, Fannie Mae denies same.

5. Fannie Mae admits that venue is proper in Comal County. Triesch does not specify the section of the Texas Civil Practice and Remedies Code or properly quote a section, thus, except as thus stated, Fannie Mae denies the allegations in Paragraph 5 of the Original Petition.

**Facts**

6. Fannie Mae denies that Triesch can reside at a property that she has no right enter and denies the allegation in Paragraph 6 of the Original Petition.

7. Fannie Mae is without information sufficient to form an opinion or belief whether her daughter lived in a neighboring property. Except as thus stated, Fannie Mae denies the allegations contained in Paragraph 7 of the Original Petition.

8. Fannie Mae denies the allegations contained in Paragraph 8 of the Original Petition.

9. Fannie Mae admits that Exhibit A includes all or part of a Warranty Deed in Lieu of Foreclosure. Fannie Mae denies the remaining allegations contained in Paragraph 9 of the Original Petition.

10. Fannie Mae denies the allegations contained in Paragraph 10 of the Original Petition.

11. The paragraph is unclear as written. Fannie Mae denies the allegations contained in Paragraph 11 of the Original Petition.

12. Fannie Mae is without information sufficient to form an opinion or belief whether Triesch requested a survey of the Property. Fannie Mae denies the remaining allegations contained in Paragraph 12 of the Original Petition.

13. Fannie Mae denies the allegations contained in Paragraph 13 of the Original Petition.

14. Fannie Mae denies the allegations contained in Paragraph 14 of the Original Petition.

15. Fannie Mae is without information sufficient to form an opinion or belief whether a notice or notices were provided on the specified date or who exactly delivered them. Fannie admits that Exhibit F includes a copy of a business card from Judy Smith with Better Homes and Gardens Real Estate Bradfield Properties, a document titled "Notice/Aviso" that states that the party named in the document has been requested to determine the occupancy status and condition of the property, and also includes a document that states that the property is owned by Fannie Mae. Fannie Mae denies the remaining allegations contained in Paragraph 15 of the Original Petition.

16. Fannie Mae is without information sufficient to form an opinion or belief whether a notice was provided on the specified date. Fannie admits that Exhibit G includes a document titled 3 Day Notice to Vacate and Demand for Possession and cites a warranty deed in lieu of foreclosure on April 27, 2016.

**Causes of Action**

**Count I – Trespass to Try Title**

17. Fannie Mae admits that Triesch attempts to incorporate Paragraphs 1-16 of the Original Petition.

18. Paragraph 18 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations, Fannie Mae denies same.

19. Paragraph 19 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations, Fannie Mae denies same.

20. Paragraph 20 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations, Fannie Mae denies same.

21. Fannie Mae denies the allegations contained in Paragraph 21 of the Original Petition.

**Count II – Adverse Possession**

22. Fannie Mae admits that Triesch attempts to incorporate Paragraphs 1-17 of the Original Petition.

23. Paragraph 23 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations, Fannie Mae denies same.

24. Fannie Mae denies the allegations contained in Paragraph 24 of the Original Petition.

25. Fannie Mae denies the allegations contained in Paragraph 25 of the Original Petition.

### Count III – Unjust Enrichment

26. Fannie Mae admits that Triesch attempts to incorporate Paragraphs 1-17 of the Original Petition.

27. Fannie Mae denies the allegations contained in Paragraph 27 of the Original Petition.

### Count III – Declaratory Judgment

28. Fannie Mae admits that Triesch attempts to incorporate all facts by reference in Paragraph 28 of the Original Petition.

29. Fannie Mae denies the allegations contained in Paragraph 29 of the Original Petition.

30. Fannie Mae denies the allegations contained in Paragraph 30 of the Original Petition.

31. Paragraph 31 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations or requires a response, Fannie Mae denies the allegations contained in Paragraph 31 of the Original Petition.

### Conditions Precedent

32. Paragraph 32 of the Original Petition contains a legal conclusion to which no response by Fannie Mae is required. To the extent this paragraph contains factual allegations or requires a response, Fannie Mae denies the allegations contained in Paragraph 32 of the Original Petition.

**Prayer**

With respect to the Original Petition's Prayer, Fannie Mae denies each and every requested finding, declaration, judgment, relief, award, and/or recovery prayed for by Triesch, denies it is liable to Triesch for any injury or damage whatsoever, and denies that Triesch is entitled to actual damages, purported payments for repairs or tax payments, prejudgment and post judgment interest, incidental damages, consequential damages, expenses, costs, attorneys' fees, or other relief.

## AMENDED DEFENSES

Fannie Mae asserts the following affirmative defenses and reserves the right to amend its affirmative defenses as additional information becomes available, as permitted by this Court, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law regardless of how such defenses or assertions are denominated herein:

1. Fannie Mae is not guilty of the trespass to try title injury complained of in Plaintiff's Original Petition or any amendment or supplement thereto.

2. Triesch fails to state a claim upon which relief can be granted and therefore, Triesch's claims should be dismissed, with prejudice.

3. Triesch's claims fail, in whole or in part, because Triesch failed to plead facts sufficient to recovery.

4. Fannie Mae claims all offsets, setoffs, recoupment, and/or credits available to it. As such, Fannie Mae is entitled to payment, or an offset based on Triesch's unlawful possession.

5. Fannie Mae is entitled to payment, or an offset, for expenses which have been advanced by Fannie Mae that were necessary to preserve Fannie Mae's title and interest in the property that is the subject matter of the Petition.

6. Fannie Mae claims all equitable relief available to it.

7. Triesch's claims are barred, in whole or in part, by Triesch's own conduct, acts, and/or omissions.

8. Any injuries or damages alleged to have been sustained or suffered by Triesch, as alleged in her Petition, were proximately caused in whole or in part, or were contributed to, by acts and omissions on the part of Triesch.

9. Triesch's claims are barred, in whole or in part, because Fannie Mae acted at all times justifiably, lawfully, and in good faith.

10. Triesch's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, and laches. On information and belief, Triesch fraudulently attempted to take actions to prevent Fannie Mae from paying taxes on the property that is the subject matter of the Petition.

11. Some or all of Triesch's claims fail because of illegality.

12. Triesch's claims are barred, in whole or in part, because Triesch is not a bona fide purchaser for value.

13. Triesch's claims are barred, in whole or in part, because Triesch had actual and constructive notice of Fannie Mae's superior title to the property that is the subject matter of the Petition.

14. Triesch's claims are barred, in whole or in part, because Fannie Mae is the legal and equitable owner of the property that is the subject matter of the Petition.

15. Triesch's claims are barred, in whole or in part, because Fannie Mae has superior title to the property that is the subject matter of the Petition.

16. Triesch's claims are barred, in whole or in part, by Triesch's bad faith.

17. Some or all of Triesch's claims fail because of Triesch's own waiver.

18. Triesch's unjust enrichment claim fails because Fannie Mae did not receive a benefit by fraud, duress, or the taking of an undue advantage.

19. Triesch's unjust enrichment claim fails and she is entitled to no damages because the true owner of property is not liable for improvements made on a property unless the improver mistakenly, and in good faith, believes he or she already has title to the property, which Triesch did not believe here.

20. Triesch is not entitled to recover any amounts for purported improvements because Triesch did not possess the property in good faith and did not make valuable and permanent improvements, and because any value of the use, occupation, damages, and waste exceeds the value of improvements and costs.

21. Triesch cannot succeed on her Trespass to Try Title action because, in her Petition, she claims she is in possession of the property that is the subject matter of the Petition and that it is occupied by her, thus Fannie Mae cannot be the defendant in the Trespass to Try Title action.

22. Triesch cannot maintain or support a claim of trespass to try title because Triesch never obtained legal or equitable title to the property that is the subject matter of the Petition.

23. Triesch's adverse possession claim cannot succeed, including without limitation because Triesch cannot claim under a duly registered deed. The adverse possession claim was groundless and made in bad faith.

24. Triesch's claims are barred, in whole or in part, because Triesch assumed the risk.

25. Triesch's claims are barred in whole or in part by the doctrine of estoppel, including equitable estoppel.

26. Triesch's claims are barred in whole or in part by the applicable statutes of limitations and/or statutes of repose.

27. The accrual of any adverse possession was delayed, including by the discovery rule.

28. Triesch's adverse possession claim fails as Triesch does not meet the limitations requirements.

29. Triesch's adverse possession claim fails as Triesch did not hold the property in peaceable and adverse possession in the manner statutorily or legally required.

30. Fannie Mae would show that Triesch fraudulently concealed her claim for adverse possession.

31. Some or all of Triesch's claims fail because of Triesch's fraud.

32. Triesch's claim for attorney's fees fails as they are improper and cannot be awarded as a matter of law.

33. Triesch's declaratory judgment action fails, including without limitation because Triesch does not ask the Court to construe rights under a written instrument under Texas Civil Practice and Remedies Code Section 37.004(a) of the Declaratory Judgments Act, nor is there a question of construction or validity of a statute arising under Texas Civil Practice and Remedies Code Section 16.021.

34. Triesch's claims are barred by any other matter constituting an avoidance or defense.

## **CONDITIONS PRECEDENT**

Defendant specifically denies that all conditions precedent have been performed by Triesch or have occurred, including, but not limited to, the following:

   a. Triesch does not have the right to bring the claims. TEX. PROP. CODE § 22.002. Fannie Mae denies that Triesch, as a necessary condition precedent to filing her claims, has acquired a "headright certificate, land scrip, bounty warrant, or other evidence

of legal right to located and surveyed land [a]s sufficient title to maintain a trespass to try title action." *Id.* Without such evidence, Triesch may not maintain her claims.

      b.      Fannie Mae denies that Triesch, as a necessary condition precedent to filing her claims, has acquired written fee simple title or any other estate. Without such interest, Triesch may not maintain her claims.

      c.      Triesch failed to present any claim for which attorney's fees are requested or available to Triesch and has not satisfied all conditions precedent necessary to recover attorneys' fees under the Texas Civil Practice & Remedies Code or any other basis.

      d.      Triesch's claims fail, in whole or in part, because Triesch fails to satisfy all conditions precedent to recovery.

At this point, discovery in this action has not been completed and, as such, Fannie Mae reserves the right to amend its defenses and responses as additional facts, issues, or defenses may be discovered.

## REQUEST FOR ATTORNEYS' FEES

To the extent that Triesch's declaratory judgment action is proper, Fannie Mae requests that it be awarded its reasonable and necessary attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.009 and/or the federal declaratory judgments act.

## COUNTERCLAIMS

### I.   PARTIES

1.      Plaintiff Deborah Jane Triesch is an individual residing in the State of Texas.

2      Defendant Fannie Mae is a federally chartered corporation with its principal place of business located in Washington, D.C. As per 12 U.S.C. § 1717(a)(2)(B), Fannie Mae shall be

deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation. Fannie Mae is a citizen of the District of Columbia.

## II.    JURISDICTION & VENUE

3. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1332(a) and 1441 based upon diversity jurisdiction.

4. Triesch is subject to the personal jurisdiction of this Court.

5. Venue is proper in this judicial district as the property giving rise to the claims is in Comal County, Texas.

## III.    FACTUAL BACKGROUND

6. The Property at issue in this litigation is described as:

BEING 1.065 ACRES OF LAND, CALLED TRACT 2, SITUATED WITHIN THE BEATY SEALE AND FORWOOD SURVEY NUMBER 909, ABSTRACT 795, COMAL COUNTY, TEXAS, SAID 1.065 ACRES OF LAND BEING THAT SAME PROPERTY AS DESCRIBED IN GENERAL WARRANTY DEED RESERVING VENDOR'S LIEN, DATED JUNE 9, 1969, GRANTOR: HANNO GUENTHER, GRANTEE: WM. HAL HODGES AND WIFE, LYNDALL R. HODGES RECORDED IN VOLUME 170, PAGE 691 OF THE DEED RECORDS OF COMAL COUNTY, TEXAS.

7. Record title to the Property is in Fannie Mae. This is shown in a Warranty Deed in Lieu of Foreclosure from Sandra L. Johnson, as sole beneficiary under the last will and testament of Carrie H. Pyhrr, through her lawful attorney-in-fact Ronald W. Johnson, and Ronald W. Johnson, in his individual capacity as the spouse of Sandra L. Johnson to Federal National Mortgage Association, recorded on May 5, 2016 under Instrument No. 201606018378, Real Property Records, Comal County, Texas, that identifies that particular 1.065 acres of land, called tract 2, within the Beaty Seale and Forwood Survey Number 909, Abstract 795, Comal County in the document. Carrie H. Pyhrr was granted the Property through a General Warranty Deed recorded September 3, 2008 under Instrument No. 200806033709, Real Property Records, Comal

County, Texas. A Correction Instrument for Warranty Deed in Lieu of Foreclosure dated March 22, 2023 from Sandra L. Johnson, as sole beneficiary under the Last Will and Testament of Carrie H. Pyhrr and recorded under Comal County Clerk's File Number 202306010606 also shows that record title to the Property is in Fannie Mae.

8. Triesch cannot claim title under a duly registered deed, or any deed, because no such deed exists. Even so, Triesch requests that the Property be awarded to her, and she asserts that she is occupying and residing at the Property for several years. Fannie Mae is entitled to possession of the Property, but Triesch unlawfully entered and dispossessed Fannie Mae of such premises and withholds possession thereof. Fannie Mae is also entitled to rents equivalent to that of other properties in the county, or reasonable rents for that locale, for the time that Triesch occupied the Property, plus any damages to the property.

9. Based upon the Property's chain of title and facts including those stated above, the Fannie Mae Deed is valid, Fannie Mae has title through a regular chain of conveyances, Fannie Mae has superior title, and Fannie Mae is the legal and equitable owner of the Property free and clear of any interest alleged by Triesch.

### IV.     COUNT 1 - DECLARATORY JUDGMENT

10. Fannie Mae re-alleges and incorporates by reference herein the allegations set forth above and in these Counterclaims.

11. A dispute has arisen between Triesch and Fannie Mae regarding the Property. A justiciable controversy exists. Given the wrongful actions taken by Triesch, as described above, there is a substantial likelihood that Fannie Mae will suffer injury in the future. Therefore, Fannie Mae respectfully requests a declaratory judgment pursuant to the provisions of Chapter 37 of the

Texas Civil Practice and Remedies Code and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 regarding its rights in the Property.

12. Fannie Mae seeks a declaration that: (1) Fannie Mae owns all right, title, and interest in and to the Property; (2) Triesch does not have any right, title, or interest in or to the Property; and (3) that Fannie Mae is entitled to immediate possession of the Property.

### V. COUNT 2 - TRESPASS TO TRY TITLE

13. Fannie Mae re-alleges and incorporates by reference herein the allegations set forth above and in these Counterclaims.

14. As an alternative claim to its Request for a Declaratory Judgment, Fannie Mae makes this claim against the Defendants under Texas Property Code § 22.001 et seq.

15. Fannie Mae is the record title holder and owner of the Property with all rights, title and interest in the Property. Fannie Mae has superior title to the Property. Fannie Mae has superior title, including out of a common source (to the extent Triesch has a source) or a regular chain of conveyances from the sovereign. Fannie Mae's interest in the Property is fee simple, and it has an undivided interest. The deed vesting the Property in Fannie Mae is valid, while Triesch's has no deed or title and relies on no deed or title. Further, Triesch was not a bona fide purchaser for value of the Property.

16. Fannie Mae has the right to immediate possession of the Property.

17. Fannie Mae seeks a judgment from this Court to determine that Fannie Mae has superior title and the right to possession in the Property.

18. As a result of Triesch's actions, Fannie Mae has suffered damages, including loss of use of the Property since Triesch entered the Property, loss of expected profits from use of the

Property since Triesch entered the Property, costs to take possession of the Property, and court costs.

## VI.     COUNT 3 - TRESPASS TO REAL PROPERTY

19.     Fannie Mae re-alleges and incorporates by reference herein the allegations set forth above and in these Counterclaims.

20.     Triesch has trespassed upon real property. Fannie Mae owned the Property. Triesch intentionally, physically, and voluntarily entered upon Fannie Mae's Property. Triesch's entry on the Property was not authorized.

21.     Triesch has invaded or deprived Fannie Mae of its rights as owner of the Property, including the rights to quiet enjoyment, control, possession, and others prescribed by law.

22.     As a result of Triesch's actions, Fannie Mae has suffered damages, including loss of use of the Property since Triesch entered the Property, loss of expected profits from use of the Property since Triesch entered the Property, any costs to take possession of the Property, and court costs.

## VIII.    ATTORNEY'S FEES

23.     Fannie Mae re-alleges and incorporates by reference herein the allegations set forth above and in these Counterclaims.

24.     As a result of Triesch's lawsuit, Defendant has been required to obtain legal counsel.

25.     Defendant has presented its claim for attorney's fees to Triesch and Triesch has refused to acknowledge her liability or tender payment.

26.     Fannie Mae complied with Section 16.034(c) of the Texas Civil Practice and Remedies Code. On or about March 9, 2024, Fannie Mae provided Triesch written notice and

demand by registered mail to vacate the premises as provided for in Section 16.034. A true and correct copy of this demand is attached to this pleading as Exhibit A and incorporated by reference. This notice and demand were given 10 days before filing the current claim for recovery of possession. In the written notice and demand, Fannie Mae gave notice that, in the event Triesch did not vacate the premises within 10 days and this claim were filed by Fannie Mae, judgment could be entered against Triesch for costs and attorney's fees in an amount determined by the Court to be reasonable.

27. Reasonable attorney's fees must be awarded to Fannie Mae because Triesch, the person unlawfully in actual possession, made a claim of adverse possession that was groundless and made in bad faith, including but not limited to because she knew she did not have title, color of title, or a duly registered deed.

28. Fannie Mae also requests that it be awarded its costs and reasonable and necessary attorney's fees on its behalf incurred pursuant to Texas Civil Practice and Remedies Code Section 37.009 and/or the federal declaratory judgments act.

29. Fannie Mae is also entitled to recover attorney's fees pursuant to any statute or rules invoked by any party that entitles Fannie Mae to recover attorney's fees and costs of court defending the claims asserted by Triesch.

30. All conditions precedent to relief or recovery by Fannie Mae of its fees and costs have been performed or occurred.

## CONDITION PRECEDENT

31. All conditions precedent to these actions on the part of Fannie Mae, if any, have occurred or have been performed, satisfied, or waived.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant prays for judgment as follows:

i. That Triesch take nothing from Fannie Mae and that the Court dismiss all of Triesch's claims with prejudice;

ii. That judgment be entered in favor of Fannie Mae on its defenses and pleas;

iii. Order that Triesch's claim for adverse possession claim is invalid and unenforceable and that Fannie Mae is the legal owner of the Property;

iv. A declaration that: (1) Fannie Mae owns all right, title, and interest in and to the Property; (2) Triesch does not have any right, title, or interest in or to the Property; and (3) that Fannie Mae is entitled to immediate possession of the Property;

v. That Fannie Mae recover its costs of suit, including, but not limited to, expert fees and deposition costs;

vi. That Fannie Mae be awarded its attorney's fees through trial and appeal of this action; and,

viii. That the Court award Defendant such other and further relief, at law and in equity, to which it may be justly entitled.

Dated: June 6, 2024.

Respectfully submitted,

*/s/ Peter K. Lacina*

**Peter S. Wahby**
State Bar No. 24011171
peter.wahby@gtlaw.com
**Peter K. Lacina**
State Bar No. 24063960
lacinap@gtlaw.com
**Morgan E. Jones**
State Bar No. 24132301
morgan.jones@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

*Attorneys for Defendant*
*Federal National Mortgage Association*

## FED. R. CIV. P. RULE 15(a)(2) CERTIFICATION AS TO AMENDMENT

The Amended Scheduling Order permits Defendant Fannie Mae to amend its pleadings without leave of Court on or before June 6, 2024. Even so, out of an abundance of caution, the undersigned certifies that he has conferred in good faith with counsel for Plaintiff Triesch by phone concerning amendments Defendant Fannie Mae's affirmative defenses, pleadings, and counterclaims, and that counsel for Plaintiff has consented to Fannie Mae's filing of this amended pleading by agreement without prior leave of the Court. The undersigned emailed counsel for Plaintiff Triesch on May 6, 2024 confirming her verbal consent and, on May 29, 2024, counsel for Plaintiff Triesch confirmed her consent in writing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties on June 6, 2024 via the Court's e-filing system.

*/s/ Peter K. Lacina*
Peter K. Lacina